## Davidson v. White et al.

April 27, 1948.

T. T. Burchell and Chas. C. Smith for appellant.

John D. White for appellees

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

As a result of the general election held November

4, 1947, the Board of Election Commissioners of Clay County certified that appellee, Charles H. White, the Republican nominee "for Sheriff," received 2350 votes, and appellant Daniel Davidson, Independent candidate "for the unexpired term for Sheriff," received 2307 votes. The Board of Election Commissioners thereupon issued and delivered to appellee a certificate of election for the unexpired term of Sheriff Mose Campbell, deceased, who was elected for the full term of four years at the general election held in the year 1945. In the time prescribed by law appellant instituted this action contesting appellee's right to hold the office, and asked that he be declared to be entitled to the certificate of election to the office for the unexpired term. Upon submission of the case, the Chancellor dismissed appellant's petition, from which order this appeal has been taken. In the order of dismissal the Chancellor recited that appellant had not alleged any ground for contest.

The first ground relied on by appellant is that, although appellee was running for an unexpired term, he declared for a full term, and his name was printed on the official Primary ballot as a candidate for a full term, contrary to the provisions of KRS 119.030. The next ground is that the Board of Election Commissioners issued to appellee a certificate of nomination without appellee's previously having filed a statement in writing, subscribed and sworn to by him, setting forth all sums of money or other things of value contributed, disbursed, expended, or promised by him or by any person on his behalf, to secure his nomination. The next ground is that appellee's name was caused to be printed on the ballot in the general election as a candidate for the full term of Sheriff under the emblem and in the column of the Republican Party, whilst appellant's name was printed on the ballot for the office for Sheriff for the unexpired term. It is unnecessary for us to consider either the first or second ground relied on for reversal; the facts stated in the third ground, however, make their contribution to a state of confusion which renders it impossible for us to determine that either appellant or appellee has been selected to serve for the unexpired term for Sheriff in a free and equal election, in accordance with Section 6 of the Constitution, which reads: "All elections shall be free and equal."

The official ballot presented to the voters of Clay County at the election in question is duplicated below:

| REPUBLICAN PARTY | DEMOCRATIC PARTY | SOCIALIST PARTY | INDEPENDENT |
|---|---|---|---|
| | | | For the Unexpired Term For Sheriff |
| For Governor | For Governor | For Governor | Daniel |
| Eldon S. Dummit ☐ | Earle C. Clements - - ☐ | W. A. Sandefur ☐ | Davidson - ☐ |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ |
| For Lieutenant Governor | For Lieutenant Governor | For Lieutenant Governor | |
| Orville M. Howard - - ☐ | Lawrence W. Wetherby - - ☐ | F. H. W. Noll - ☐ | |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | |
| For Secretary of State | For Secretary of State | For Secretary of State | |
| E. E. Hughes - ☐ | George Glenn Hatcher - - ☐ | Mrs. Dorothy Dickstein - - ☐ | |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | |
| For Attorney General | For Attorney General | For Attorney General | |
| William Dixon - ☐ | A. E. Funk - - ☐ | | |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | |
| For Auditor of Public Accounts | For Auditor of Public Accounts | For Auditor of Public Accounts | |
| H. E. Kinser - ☐ | Harry N. Jones ☐ | R. H. Sheffer - ☐ | |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | |
| For Treasurer | For Treasurer | For Treasurer | |
| C. A. Mains - - ☐ | Edward F. Seiller - - - ☐ | Lemuel Vandyke ☐ | |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | |
| For Superintendent of Public Instruction | For Superintendent of Public Instruction | For Superintendent of Public Instruction | |
| W. M. (Bill) Slusher - - ☐ | Boswell B. Hodgkin - - ☐ | Mrs. Jessie Weekes - - ☐ | |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | |
| For Commissioner Agriculture, Labor and Statistics | For Commissioner Agriculture, Labor and Statistics | For Commissioner Agriculture, Labor and Statistics | |
| Frank Irwin - - ☐ | Harry F. Walters - - ☐ | John Partridge ☐ | |
| - - - - - - ☐ | - - - - - - ☐ | - - - - - - ☐ | |

| For Clerk of the Court of Appeals | For Clerk of the Court of Appeals | For Clerk of the Court of Appeals |
|---|---|---|
| Pleas Jones - - ☐ | Charles K. O'Connell - - ☐ | |
| - - - - - - - ☐ | - - - - - - - ☐ | - - - - - - ☐ |
| **For Railroad Commissioner** | **For Railroad Commissioner** | **For Railroad Commissioner** |
| Clay M. Bishop ☐ | T. Jeff (T. J.) Moore - - - ☐ | |
| - - - - - - - ☐ | - - - - - - - ☐ | - - - - - - ☐ |
| **For State Senator** | **For State Senator** | **For State Senator** |
| Joe T. Morgan - ☐ | | |
| - - - - - - - ☐ | - - - - - - - ☐ | - - - - - - ☐ |
| **For Representative** | **For Representative** | **For Representative** |
| Ed Marcum - - ☐ | | |
| - - - - - - - ☐ | - - - - - - - ☐ | - - - - - - ☐ |
| **For Sheriff** | | |
| Charles H. White ☐ | | |
| - - - - - - - ☐ | | |

It will be noted that appellant's name appeared on the ballot in a parallel position with the Republican, Democratic, and Socialist Parties' nominees for Governor, while appellee was unopposed by a nominee of the Democratic or Socialist Party, and the name of his opponent on the Independent ticket did not appear opposite or in a parallel position on the ballot with his name. In so far as pertinent to the question involved, KRS 118.170 provides:

"(1) * * *

"(2) * * *

"(a) The lists of the candidates of the various parties shall be printed in parallel columns, in such order as the Secretary of State directs, precedence being given to the party that polled the higher number of votes for the head of the ticket in the last preceding election. The device of each party shall be placed at the head of the list of candidates of the party. The device shall not be enclosed in a square, but immediately under the device shall be placed a circle one inch in diameter. Immediately under it shall be placed the name or title of the party ticket, and immediately under the name or title shall be placed the list of candidates of the party, the name of each candidate having immediately on its right a small square large enough to contain the cross mark by which the voter is required to designate his vote. Underneath the name of each candidate shall be

left a blank space large enough to contain a written name. *If upon any ticket there is no candidate for a designated office, a blank space equal to the space that would be occupied by the name of a candidate for that office shall be left.* (Emphasis ours.)

Appellant properly filed "for the unexpired term for Sheriff," whereas appellee improperly filed "for Sheriff." KRS 119.030. The ballot itself does not pit the nominee of the Republican Party for Sheriff against the Independent candidate for the unexpired term. Instead of leaving a blank space equal to the space that would be occupied by the name of a candidate for Governor and other officers, except Sheriff, appearing on the ballot, it placed the Independent candidate for the unexpired term for Sheriff on a line parallel to the Republican, Democratic, and Socialist nominees for Governor. It is altogether possible that some of the voters who marked their ballots for appellant were under the impression that they were voting for the office of Governor, thereby intending to scratch their tickets in respect to their votes for that office. The record is silent as to whether ballots marked under the emblem of the Republican Party and opposite the name of appellant were deducted in the count by the Board of Election Commissioners from the total vote accorded appellee, and to which the latter would have been entitled had the voter not cast his ballot for appellant. Additionally it is impossible for us to determine whether any voter, or any number of voters, conceived that they were entitled to, and accordingly did, vote for appellant for the unexpired term, and also for appellee for what they might have conceived to be a regular term of the Sheriff's office. Thus it will be seen that the situation is so confused that it is impossible for us to determine which of the nominees became the choice of the electorate; for which reason it is incumbent on us to declare that no election was held on November 4, 1947, for the unexpired term of Sheriff in Clay County.

The judgment is reversed, with directions that it be set aside and that another be entered in conformity with this opinion.